IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDDY WOOD                                                                                              PLAINTIFF

vs.                                          Civil No. 2:14-cv-02130

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Eddy Wood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed his disability applications on January 3, 2012 (DIB) an on January 5, 2012 (SSI). (Tr. 9, 126-127). In his applications, Plaintiff alleges being disabled due to diabetes, deafness in his right ear, congestive heart failure, and arthritis in his right knee. (Tr. 160). These applications were denied initially and again upon reconsideration. (Tr. 65-69).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted. (Tr. 30-64). Plaintiff's administrative hearing was held on February 14, 2013 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Iva Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 36). As for his education, Plaintiff testified he completed the twelfth grade in school. *Id.*

On April 4, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 6-17). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act as of December 30, 2011 (alleged onset date) and continued to meet them through April 4, 2013 (ALJ's decision date). (Tr. 11, Findings 1-2). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 30, 2011, his alleged onset date. (Tr. 11, Finding 3). The ALJ found Plaintiff had the following severe impairments: essential hypertension, diabetes mellitus with peripheral neuropathy, congestive heart failure, degenerative joint disease, and obesity. (Tr. 11, Finding 4). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.* "Sedentary work" is defined as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) (2012), 416.967(a) (2010).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 7). The ALJ found Plaintiff's PRW included work as a truck driver. *Id.* Considering his RFC, the ALJ determined Plaintiff was unable to perform this PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16, Finding 12). To determine whether Plaintiff retained the capacity to perform other work, the ALJ relied upon testimony from the VE. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, sedentary occupations: (1) assemblers (example: bench, hand, watch, and clock) with 27,802 such jobs nationwide and 510 such jobs statewide; and (2) machine tenders (example: eye glass frame polisher) with 19,806 such jobs nationwide and 252 such jobs statewide. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from his application date of December 30, 2011 through the date of the ALJ's decision or through April 4, 2013. (Tr. 16, Finding 13).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 27). On May 13, 2014, the Appeals Council denied this request for review. (Tr. 1-4). On June 2, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following six arguments for reversal: (1) the ALJ erred by failing to properly develop the evidence in his case; (2) the ALJ failed "to consider evidence which fairly detracted from his findings"; (3) the ALJ erred in evaluating his credibility; (4) the ALJ gave improper weight to the opinions of his physicians; (5) the ALJ erred in assigning his RFC; and (6) the ALJ failed to satisfy his burden at Step Five of the Analysis. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, it appears the ALJ discounted Plaintiff's subjective complaints because they were not supported by his medical records. Indeed, while the ALJ did consider some of Plaintiff's relatively light daily activities (Tr. 13), those activities alone do not detract from Plaintiff's credibility. *See Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir. 1989) (holding "[t]he ability to do light housework with assistance, attend church, or visit with friends on the phone does not qualify as the ability to do substantial gainful activity").

Instead of evaluating the *Polaski* factors, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 13). Furthermore, although the ALJ recited that he had considered Plaintiff's testimony, he went on to state the following: "The residual functional capacity assessment is supported *by the medical evidence of record* which documents the claimant has severe physical limitations." (Tr. 15) (emphasis added). Based upon the Court's review, it does not appear the ALJ provided any other reasons for discounting Plaintiff's subjective complaints. The failure to provide specific inconsistencies when discounting a claimant's subjective complaints is improper under *Polaski*. Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[2]

---

[2] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 20th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE